**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| JOHN VINCENT BAUMGARTEN, JR. #3253-037 | * | Civil Action No. CCB-09-1890 |
| | | Related Criminal No. CCB-96-483 |
| v. | * | |
| UNITED STATES OF AMERICA | * | |

**MEMORANDUM**

Pending is a petition to vacate, set-aside or correct sentence filed pro se by John Vincent Baumgarten, Jr., who is serving a 320-month sentence for conspiracy to distribute cocaine. Baumgarten challenges his sentence based on the recent expungement of two state cases used to calculate his criminal history category at sentencing.[1] The petition will be dismissed without prejudice for lack of jurisdiction.

Baumgarten brings the instant petition pursuant to "28 U.S.C. §2255(4)."[2] His first § 2255 motion to vacate was denied. *See Baumgarten v. United States*, Civil Action No. CCB-01-1789 (D. Md. 2001). Baumgarten's second § 2255 motion was denied without prejudice as successive and lacking pre-filing authorization. *See Baumgarten v. United States*, Civil Action No. CCB-09-855 (D. Md.). The latter petition sought resentencing based upon expungement of the two state convictions at issue here. *See id*.[3] Therefore, the instant petition represents Baumgarten's third § 2255 motion.

---

[1] On January 12, 2009, the District Court of Maryland for Anne Arundel County expunged records pertaining to Baumgarten's battery convictions in 1983 and 1986 in *Maryland v. John Vincent Baumgarten, Jr.*, Case No. 000000814952 and *State of Maryland v. John Vincent Baumgarten*, Jr. Case No. 0000618474A3. Paper No. 264.

[2] There is no 28 U.S.C. § 2255(4). Presumably, Baumgarten is referencing 28 U.S.C. § 2255(f) (4).

[3] These "convictions" apparently were entered under the former "probation prior to judgment" provision of Maryland law, Md. Ann. Code of 1957, § 27-641 (repealed 2003). A probation prior to judgment is not a conviction under Maryland law, but it is counted under the criminal history provisions of the Sentencing Guidelines. *See* U.S. Sentencing Guidelines Manual § 4A1.2(f) (2008) ("A diversionary disposition resulting from a finding or admission of guilt, or a plea of *nolo contendere*, in a judicial proceeding is counted as a sentence under § 4A1.1(c) even if a conviction is not formally entered…"); *United States v. Bagheri*, 999 F.2d 80, 83 (4th Cir. 1993) (finding that "probation without entry of judgment" under Maryland law is considered a "diversionary disposition" under § 4A1.2(f) of the Sentencing Guidelines and is therefore counted to determine criminal history "even though the Maryland courts have never entered a formal judgment of conviction."); § 27-641(c). Mr. Baumgarten's probation before judgment findings apparently have been expunged, but they were not vacated because of any constitutional infirmity. *Cf. United States v. Gadsen*, 332 F.3d 224, 225-26 (4th Cir. 2003).

Baumgarten's assertion that this petition is not successive is unavailing. His reliance on 28 U.S.C. § 2255(f) (4) which provides that a one-year statute of limitations runs from "the date on which the facts supporting the claim… could have been discovered through the exercise of due diligence" is misplaced. The question presented here, is not whether the petition is timely under the one-year limitations period, but whether the petition is successive. Although the court construes the pleadings of pro se litigants liberally, Baumgarten may not evade statutory requirements for successive § 2255 petitions by characterizing his motion otherwise. *See Calderon v. Thompson*, 523 U.S. 538, 553-54 (1998);  *see also United States v. Winestock*, 340 F.3d 200, 203 (4th Cir. 2003) (ruling that courts must not allow prisoners to circumvent procedural and substantive limitations on successive §2255 petitions by attaching other labels to the pleading).   Baumgarten also references Rule 35(c) of the Federal Rules of Criminal Procedure. Paper No. 265.  In 2002, the language of former Rule 35(c) was relocated to Rule 35(a).  Rule 35(a) provides that a court may correct a sentence for arithmetical, technical or other clear error within seven days of sentencing, and is inapplicable here.

A district court may consider a successive § 2255  petition only if the petitioner has obtained pre-filing authorization from the court of appeals. *See* 28 U.S.C. §§ 2244(b)(3)(A) & 2255(h); *In re Vial*, 115 F.3d 1192, 1194 (4th Cir.1997) ( *en banc* ). Under 28 U.S.C. § 2255(h):

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain-(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Petitioner has not received the proper certification from the Fourth Circuit Court of Appeals. Consequently, the district court may not consider the merits of his claims until he receives such certification, and the petition will be denied without prejudice by separate order.

Baumgarten will be mailed a packet of instructions promulgated by the Fourth Circuit which addresses the comprehensive procedure to be followed should  he wish to seek authorization to file a

successive petition with the appellate court. It is to be emphasized that petitioner must file his pleading with the Fourth Circuit Court of Appeals and obtain authorization to file his successive petition before this court may examine his claims.

An appeal may not be taken to the court of appeals from the final order in a habeas corpus proceeding unless a circuit justice or judge issues a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1) (2000). When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.' " *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Baumgarten does not satisfy this standard, and the court declines to issue a certificate of appealability. Denial of a certificate of appealability does not prevent petitioner from seeking permission to file a successive petition, or pursuing his claims after obtaining such permission.

The petition shall be dismissed without prejudice. A separate Order follows.


Date:   October  23, 2009                                      /s/
                                                    Catherine C. Blake
                                                    United States District Judge